## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Robert P. Grote and
Dorothy M. Grote

v.

City of Virginia Beach

July 19, 1976

Case No. (Law) L-3081

By JUDGE GEORGE W. VAKOS

The plaintiff herein filed a Motion for Declaratory Judgment stating that he is the owner of the Beacon Motel in the City of Virginia Beach, and that he is required by the City Code to connect his premises to sanitary sewers recently installed by the City, and that the City has levied a "line fee," of $10,831.00 before connection can be made. The plaintiff further states that when he purchased his property the premises then were connected to an operational septic tank system; that the sewers in question had been installed prior to his purchase and that there was no notice of lien filed in accordance with Section 15.1-247 of the Code of Virginia at the time of his purchase and as such the "line fee" was an unenforceable lien on the property.

He further argues that since the lien for the cost of constructing the sanitary sewers is not enforceable he is entitled to connect to these sewers without payment of the "line fee."

The City filed its answer to the plaintiff's motion admitting that the plaintiff has developed problems with its septic tank system and that the City will not allow them to make repairs to the system but instead has directed that they connect to the City's sanitary sewers. The City

further stated that prior to connection the plaintiff must pay the City $10,831.00, which is the property owner's share of line installation costs, commonly known as "line fees," as required by and in accordance with a formula established in Section 29-3 of the Code of the City of Virginia Beach.

The parties submitted their respective causes to the court on the stipulation of fact and memorandum filed on behalf of each.

The issue is whether the City of Virginia Beach has authority to charge a fee for cost of installing sanitary sewers when a landowner either requests or is required by law to connect his premises to these facilities or must the City follow the provisions of Article 2, Chapter 7, of Title 15.1 (Section 15.1-239 to 15.1-249.1) of the Code of Virginia and assess the costs of constructing sanitary sewers only after required notice of the proposed assessment to an abutting landowner.

Even if the court were to accept the plaintiffs' argument that an unenforceable lien for cost of constructing the sanitary sewers existed, the court is of the opinion that the City has statutory authority and may impose charges to users thereof for construction costs.

Article 5, Chapter 18 of Title 15.1 of the Code of Virginia relates to powers of municipalities and specifically Section 15.1-873 provides that:

> A municipal corporation, *in order to secure, preserve and promote health, safety, welfare, comfort, convenience, trade, commerce and industry in the municipality*, and among the inhabitants thereof, may exercise the powers and provide and operate the facilities and establishments set forth in this article. (Code 1950 (Suppl.), Section 15-77.37; 1958, c. 328; 1962, c. 623.) (Italics added.)

and as to sewerage disposal services, Section 15.1-876 of the same Article states:

> A municipal corporation may provide and operate within or without the municipal corporation sewers, drains, culverts and sewerage

> transmission, treatment and disposal systems, facilities and appurtenances for the purpose of furnishing sewerage disposal services for the inhabitants of the municipality; may contract with others for supplying such services; may, within the corporate limits of the municipality, *require the connection of premises with facilities provided for such purposes; may charge and collect compensation for such services*; and provide penalties for the unauthorized use of such facilities. (Code of Va. 1950 (Supp.), § 15-77.40; 1958, c. 328; 1962, c. 623.) (Italics added.)

The City thus has the statutory authority both to require connection to sanitary sewers and also to charge for the facilities provided.

Section 15.1-239 of the Code of Virginia provides cities and towns with a method of assessing the costs of construction of sanitary sewers to abutting property owners and a method of imposing a lien on the abutting property for such costs. However, this is not mandatory and is only the method of defraying the costs by a local tax on abutting properties. The court finds nothing in the statutes nor have counsel cited any authority for the proposition that a city may recover the cost of construction of such facilities only by assessment as outlined in the Code of Virginia.

> When the cost of construction is borne in whole or in part by the public authority itself, it may, until it is reimbursed to the extent of its outlay, require persons making connections therewith to pay for the privilege. 56 Am. Jur. 2d, 625, § 574, *Municipal Corporations*.

This case is distinguishable from *Southern Ry. Co. v. Richmond*, 175 Va. 308 (1940), relied upon by the plaintiff. In that case the tax was assessed upon abutting property owners by the City of Richmond for the "privilege of using" the sewers "whether such sewers be actually used or not." At that time (1940) the Constitution of Virginia limited special assessment upon property for "construction or use" of sewers and the City of Richmond

had attempted to levy an assessment against abutting property owners whose property adjoined a sewer owned by the City even though they were not connected since they were potential users and had the privilege of use. The court stated that the word "use" meant actual use and that the city had no constitutional authority to levy an assessment on potential users. Here we have an abutting property owner attempting to become a user objecting to a connection fee that includes, according to Section 29-3 of the Code of the City of Virginia Beach, his share of the sewer line installation costs.

The court thus is of the opinion that the City of Virginia Beach has lawful authority to require a landowner who has applied for sewer services to pay a connection fee that includes his share of line installation or construction costs. Such connection fee is not an unlawful or unconstitutional assessment upon abutting property.